```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
REBECCA VIGIL, on behalf of herself and all others                     :
similarly situated,                                                    :
                                                                       :
                              Plaintiffs,                              :     20 Civ. 3248 (JPC)
                                                                       :
             -v-                                                       :          ORDER
                                                                       :
SEATGEEK, INC., a Delaware Corporation,                                :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

A Final Approval Hearing under Federal Rule of Civil Procedure 23(e) is scheduled for October 18, 2023, at 2:00 p.m. By October 13, 2023, the parties, either jointly or individually, shall submit briefing addressing the following topics:

1. The Class Action Fairness Act of 2005 ("CAFA") imposes certain requirements in class action settlements that "provide[] for a recovery of coupons to a class member." 28 U.S.C. § 1712. Under the Second Circuit's recent decision in *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023), these requirements "apply to settlements where the non-cash relief provided to class members entitles them to free or discounted products or services." *Id.* at 248. Here, the Settlement permits the Class Members to obtain either "[r]eceive an Extended Credit from SeatGeek, *i.e.*, retain any unused Credits issued previously by SeatGeek to the Class Members for any Covered Transactions extended through December 31, 202[4]," or "[r]efund Payment equal to the Refund Amount of each Covered Transaction in existence as of the Final Settlement Date." Dkt. 64-1 at 5. The parties shall address whether the first option—*i.e.*, the Class

Members' extended ability to retain unused Credits—renders the Settlement a coupon settlement under CAFA and the framework laid out in *Moses*, 79 F.4th at 247-53. The parties shall address this issue both by considering the meaning of the word "coupon" and by applying the factors articulated by the Second Circuit in *Moses*: "(1) whether class members have to hand over more of their own money before they can take advantage of a credit; (2) whether the credit is valid only for select products or services; and (3) how much flexibility the credit provides, including whether it expires or is freely transferrable." *Id.* at 248 (citing *In re Easysaver Rewards Litig.*, 906 F.3d 747, 755 (9th Cir. 2018)) (internal quotation marks omitted).

2. Assuming *arguendo* that the Settlement does qualify as a coupon settlement, the parties shall address how, if at all, that affects the Court's analysis of the fairness, reasonableness, and adequacy of the Settlement, including the tandem review of proposed attorneys' fees and incentive award required under *Moses*. *See id.* at 244.

3. *Moses* held that a court may not presume the fairness of a proposed settlement because the settlement was reached in an arm's length negotiation. *See id.* at 243. The parties shall address how this aspect of the holding in *Moses* impacts the Court's analysis of the Settlement.

4. *Moses* additionally held that a court may not "review[] the appropriateness of the attorneys' fees and incentive awards separately from its consideration of the fairness, reasonableness and adequacy of the settlement." *Id.* at 246 (brackets and internal quotation marks omitted). The parties shall also address how, if at all, this aspect of

the holding in *Moses* affects the Court's review of the fairness, reasonableness, and adequacy of the Settlement.

SO ORDERED.

Dated: October 10, 2023
New York, New York

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge