UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
REBECCA VIGIL, on behalf of herself and all others
similarly situated,

                            Plaintiffs,

              -v-

SEATGEEK, INC., a Delaware Corporation,

                            Defendant.
----------------------------------------------------------------X

20 Civ. 3248 (JPC)

ORDER GRANTING
FINAL APPROVAL OF
CLASS ACTION
SETTLEMENT

JOHN P. CRONAN, United States District Judge:

On October 18, 2023, this Court conducting a hearing (the "Fairness Hearing") in the above-captioned action (the "Action") on Plaintiff Rebecca Vigil's ("Named Plaintiff") motion seeking final approval of the class action settlement (the "Motion"). The Court previously entered an Order dated November 28, 2022 (amended on April 10, 2023) preliminarily approving the Settlement, certifying the putative class in the Action for settlement purposes only, ordering notice to be provided to Class Members by email, and if applicable follow-up email notice or notice by postcard in a substantially similar form as the email notice, with a Settlement Website that posted the Full Notice and other information about this case, scheduling a Final Approval Hearing, and providing an opportunity for Class Members to object to the proposed settlement (the "Preliminary Approval Order"). Upon review and consideration of the Motion and supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"),[1] any objections filed with or

---

[1] The Settlement Agreement, including all amendments and exhibits thereto, are hereby incorporated into this Order. Unless otherwise stated herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

presented to the Court, the Parties' responses to any objections, and Counsel's arguments, and finding that substantial and sufficient grounds exist for entering this Order, the Court orders as follows:

**1.** The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Class Members, and venue is proper in this District.

**2.** Upon review of the record, the Court finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. The Court has come to this determination after considering the factors outlined in Federal Rule of Civil Procedure 23(e)(2), as well as to the extent not subsumed by that rule, the traditional factors articulated by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). *See, e.g., Moses v. N.Y. Times Co.*, 79 F.4th 235, 241 (2d Cir. 2023). Among other matters, including those stated on the record at the Fairness Hearing, the Court took into account the following:

> ***a. The Class Representative and Class Counsel have adequately represented the Class.***

The Class Representative and Class Counsel have negotiated a settlement that provides for full refunds or, at the Class Member's option, the retention of credits for 110% of their original purchase price which will be valid through the extended date of December 31, 2024. After more than three years of litigation, this result demonstrates that the Class Representative and Class Counsel have adequately represented the Class.

### *b. The proposal was negotiated at arm's length.*

The Court finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and SeatGeek's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator, the Honorable James C. Francis IV. While arm's length negotiations no longer create a presumption of fairness, *see Moses*, 79 F.4th at 243, they remain an important factor in evaluating a settlement.

### *c. The relief provided for the Class is adequate.*

Each Class Member is entitled to: (a) receive an Extended Credit from SeatGeek, *i.e.*, retain any unused Credits issued previously by SeatGeek to the Class Member for any Covered Transactions with the expiration date extended through December 31, 2024 (which extension shall only apply to Credits for Covered Transactions); or (b) receive a Refund Payment equal to the Refund Amount of each Covered Transaction in existence as of the Final Settlement Date. A Class Member who receives a Refund Payment (either by election or default) will forfeit any previously issued Credits for Covered Transactions. This represents a substantial recovery for Class Members, particularly when considered in the context of SeatGeek's challenges to Plaintiffs' theories of liability.

This factor further requires that the Court consider:

(i) <u>The costs, risks, and delay of trial and appeal.</u>

This case presents complex factual and legal questions that, absent the Settlement, would have to be resolved through extensive proceedings for which the outcome is uncertain, including contested class certification proceedings and an extensive factual record, summary judgment briefing, and a complicated, lengthy trial of any claims that survive summary judgment. An appeal likely would follow any ruling on class certification, summary judgment, or trial, whatever its

3

outcome, thereby further delaying this case's final resolution for a period of months or even years.

### (ii) The effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims.

By default, Class Members will receive refunds automatically to their original method of payment. Class Members were also given the option of completing claim forms to update their payment method or to choose to retain Extended Credits. This is an effective method of distributing relief to the Class.

### (iii) The terms of any proposed award of attorneys' fees, including timing of payment.

In light of the Court's consideration of factors discussed below in Paragraphs 2(e)-(i) and 2(l), and the other considerations stated on the record at the Fairness Hearing, the attorneys' fees are fair, reasonable, and adequate and are to be paid separately from the relief to the Class and will not in any way diminish the Class relief. They will be paid in close proximity to the time at which Class Members receive refunds.

### (iv) Any agreement required to be identified under Rule 23(e)(3).

All such agreements have been identified, and do not provide preferential treatment to any Class Member or provide any basis to undermine the Court's finding that the Settlement is fair, adequate, and reasonable.

### d. *The proposal treats Class Members equitably relative to each other.*

As the Court discussed at the Fairness Hearing, Class Members are all given the option of receiving a direct refund or retaining an Extended Credit. All Extended Credits are for an amount equal to 110% of the Class Member's original purchase price, and all refunds are for 100% of the Class Member's original purchase price. All class members are treated equitably based on the amount of their original purchase, with the exception of the incentive award to the Named Plaintiff, which is appropriate and reasonable as addressed below.

4

### *e. The complexity, expense, and likely duration of the litigation.*

This factor is addressed at Paragraph 2(c)(i), above.

### *f. The reaction of the Class to the Settlement.*

The reaction of the Class to the Settlement has been highly favorable. Of the more than 5,600 potential Class Members, none have timely opted out and none have objected.

### *g. The stage of the proceedings.*

The Parties have investigated the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. SeatGeek has provided factual information requested by Plaintiffs' Counsel to Plaintiffs' Counsel in connection with the mediation and pursuant to the Settlement Agreement's provision on Confirmatory Discovery (Section 5.1).

### *h. The risks of establishing liability and the risks of establishing damages.*

SeatGeek vigorously disputes both liability and damages, as well as the ability to make those determinations on a class-wide basis. Plaintiffs' ability to establish both liability and damages will likely require expensive and time-consuming analysis.

### *i. The risks of maintaining a class action status through trial.*

While SeatGeek consents to the certification of a class for settlement purposes, it has indicated its vehement opposition to any attempt to certify a litigation class for trial. The Named Plaintiff acknowledges, and the Court finds, that there is a risk that a class action cannot be maintained through a trial.

### *j. The ability of SeatGeek to withstand a greater judgment.*

A defendant's ability to withstand a higher judgment standing alone, does not suggest that the settlement is unfair; it must be weighed against the other factors. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001). Here, the Settlement represents a fair, reasonable, and adequate

payment under the Plaintiffs' theories of liability and SeatGeek's ability to withstand a greater judgement is essentially a neutral factor.

### k. The reasonableness of the Settlement in light of the best possible recovery and in light of all the attendant risks of litigation.

Each Class Member is entitled to: (a) receive an Extended Credit from SeatGeek, *i.e.*, retain any unused Credits issued previously by SeatGeek to the Class Member for any Covered Transactions with the expiration date extended through December 31, 2024 (which extension shall only apply to Credits for Covered Transactions); or (b) receive a Refund Payment equal to the Refund Amount of each Covered Transaction in existence as of the Final Settlement Date. A Class Member who receives a Refund Payment (either by election or default) will forfeit any previously issued Credits for Covered Transactions. For Class Members who have not excluded themselves from the class, this represents a substantial recovery in light of SeatGeek's challenges to Plaintiffs' theories of liability.

### l. Attorneys' Fees

Pursuant to the Settlement Agreement, Class Counsel has requested reimbursement in the amount of $487,500 in attorneys' fees, costs, and expenses, which consists of $7,650 in expenses and $479,850 in attorneys' fees. Plaintiffs submit that this is approximately 22% of the total relief provided by the Settlement Agreement when the fees and expenses themselves, as well as the costs of administration are considered. The Court instead weighs the requested fee against the relief provided directly to class members, which is approximately $1.622 million. Under the calculation, the fee is approximately 30% of the relief, which the Court finds to be within an accepted range. *See. e.g., Hernandez v. Uzzal Pizzeria, Inc.*, No. 21 Civ. 177 (PAE) (JLC), 2022 WL 1032522, at *1 (S.D.N.Y Apr. 6, 2022). The fee is also supported by a lodestar cross-check. After deducting the costs included in Class Counsel's requested overall award of $487,500, the lodestar multiplier

6

is 1.68. Although marginally higher than the average settlement multiplier for settlements of this size, it is "well within, (indeed, at the lower end) of the range of multipliers accepted within the Second Circuit." *Velez v. Novartis Pharm. Corp.*, No. 04 Civ. 9194 (CM), 2010 WL 4877852, at *23 (S.D.N.Y. Nov. 30, 2010) (collecting cases). The Payment shall be made pursuant to the timeline stated in Section 2.4 of the Settlement Agreement.

3. ***Notice to Class.*** The Court finds that the Claims Administrator retained by SeatGeek provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Federal Rule of Civil Procedure 23. The notice: (i) fully and accurately informed Class Members about the lawsuit and the proposed settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final Fairness Hearing. On behalf of SeatGeek, the Settlement Administrator also provided notice to the entities required by the Class Action Fairness Act. While that notice did not comply with the technical requirement to identify the identity or number of Class Members in each state or jurisdiction, the Court finds that this technical error does not preclude approval of the Settlement, for reasons stated at the Fairness Hearing.

4. ***Class Certification for Settlement Purposes.*** For the reasons stated in the Preliminary Approval and Provisional Settlement Class Certification Order, and having received no objections that would disturb these previous findings, the Court determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3).

7

5. ***Class Members.*** The Class Members are defined as SeatGeek users in the United States who has one or more Covered Transactions as of the Final Settlement Date where a Covered Transaction means: (1) an initial purchase of tickets to a live event via SeatGeek's mobile website made between September 10, 2019 and March 17, 2020 by a SeatGeek User located in the United States (a "Purchaser") *or* (2) the purchase of tickets on SeatGeek's mobile website or on SeatGeek's mobile application by the same Purchaser *after* the initial purchase but *before* March 17, 2020, provided such purchases meet all the following criteria as of the Final Settlement Date:

- **(a)** the live event for which the Purchaser purchased tickets was cancelled prior to the Settlement Date and not rescheduled;
- **(b)** the Purchaser received a Credit from SeatGeek without affirmatively opting to take the Credit;
- **(c)** the Purchaser paid SeatGeek for the purchase;
- **(d)** the purchase did not occur after the creation of a SeatGeek account through SeatGeek's website or mobile application by the Purchaser;
- **(e)** the Purchaser has not received a cash refund for the purchase; and
- **(f)** the Purchaser has not used the Credit, *i.e.*, the Purchaser has not applied the Credit to another purchase.

Excluded from the Class are SeatGeek's Counsel, SeatGeek's officers and directors, the Mediator, and the judges presiding over the Action.

6. ***Consummation of Settlement Agreement.*** Class Counsel and SeatGeek are directed to consummate the Settlement in accordance with the Settlement Agreement. Within forty-five calendar days following the Final Settlement Date SeatGeek shall issue or cause to be issued Refund Payments to those Class Members who elected to receive Refund Payments or who did not submit Claim Forms, using their on-file payment method (unless a Class Member requests otherwise), provided that the Class Members' Covered Transactions are still Covered Transactions as of the Final Settlement Date. For the Class Members who elect to receive Refund Payments by

8

methods other than their on-file payment system, the Claims Administrator shall arrange payment by the method requested. For those Class Members who elect to retain their Credits, SeatGeek is ordered to extend the expiration date to December 31, 2024. Without further order of the Court, the Parties may agree to reasonable extensions of the time to carry out any provisions of the Settlement Agreement.

7. ***Incentive Award to Class Representative.*** An incentive award to the Named Plaintiff of $1,500 is fair and reasonable in light of (a) the Named Plaintiff's risks in commencing this Action as the Class Representative and (b) the time and effort spent by the Named Plaintiff in litigating this Action as the Class Representative. Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

8. ***Releases.*** The Named Plaintiff and all Class Members are (1) deemed to have released and discharged SeatGeek from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The Named Plaintiff is further deemed to have released and discharged SeatGeek from all claims, known and unknown. The full terms of the releases described in this paragraph are set forth in Sections 4.4 and 4.5 of the Settlement Agreement and are specifically incorporated herein by this reference.

9. ***Binding Effect of Order.*** This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under the Preliminary Approval Order.

10. ***No Admissions.*** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. ***The Court's Jurisdiction.*** Without affecting the finality of this Order, or the

judgment to be entered pursuant hereto, in any way, the Court shall retain jurisdiction over the Parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement in accordance with its terms for the mutual benefit of the Parties.

SO ORDERED.

Dated: October 25, 2023
      New York, New York

_____
JOHN P. CRONAN
United States District Judge